This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40928

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAVIER R.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey Shannon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## DECISION

**IVES, Judge.**

**{1}** After adjudicatory and dispositional hearings on alleged probation violations, the district court ordered Child committed to the Children, Youth and Families Department for two years. On appeal, Child contends that (1) the petition to revoke his probation should be dismissed with prejudice because his adjudication hearing was not held within the thirty-day time limit mandated by Rule 10-243(A) NMRA and (2) his confrontation rights were violated when the district court refused to allow him to

participate in his adjudication hearing in person. We disagree with Child's untimeliness argument. However, we agree with Child—and accept the State's concession—that Child's confrontation rights were violated. We therefore reverse and remand for a new adjudication hearing.

**DISCUSSION**

**I.        Child's Adjudication Hearing Was Timely**

**{2}**        Child contends that the district court failed to timely adjudicate the petition to revoke Child's probation and that the petition therefore must be dismissed with prejudice. *See* Rule 10-243(F). The State contends that Child's timeliness argument was not properly preserved and is therefore not reviewable and that even if we reach the merits of Child's argument, the hearing was timely. We assume without deciding that Child's claim is reviewable under one of the exceptions to our preservation rule, *see* Rule 12-321(B) NMRA, and conclude that the hearing was timely.

**{3}**        Probation proceedings are "conducted in the same manner as proceedings on petitions alleging delinquency." Rule 10-261 NMRA. When, as in this case, a child is detained, an adjudication hearing must be held within thirty days of whichever one of the triggering events listed in Rule 10-243(A) "*occurs latest.*" (Emphasis added.) Relevant to Child's case, those events include "the date the petition is served on the child" or "the date the child is placed in detention." Rule 10-243(A).

**{4}**        The relevant dates are as follows: Child was arrested on October 6, 2022, for separate charges. While detained, Child was served with the petition seeking to revoke probation on October 28, 2022. On November 14, 2022, Child attended his first appearance and detention hearing, where he was ordered detained on probation violations by the district court. Twenty three days later, on December 7, 2022, Child's adjudication hearing was held.

**{5}**        Child argues that the date used by the district court to calculate timeliness— November 14, 2022—was not appropriate because first appearances are not one of the events enumerated in Rule 10-243(A). Instead, Child contends that the triggering event was the service of the petition on October 28, 2022. Child fails to note, however, that the first appearance order was coupled with Child's detention order for the probation violations. While Child was already detained for a separate petition, "[i]f more than one petition is pending, the time limits applicable to each petition shall be determined independently." Rule 10-243(C). For the purposes of the probation violation petition, the latest event triggering the thirty-day time limit was the detention order, which was issued on November 14, 2022. Therefore, the adjudication hearing on December 7, 2022, was timely.

**II.       Child's Right to Confront Witnesses Was Violated**

**{6}** Child also argues that his right to confront witnesses was violated when the district court prevented him from participating in his adjudication hearing in person and instead required Child to appear remotely via video. The State concedes that Child's right to confrontation was violated and that we should remand for a new hearing. Reviewing Child's claim of constitutional error de novo, *State v. Massengill*, 2003-NMCA-024, ¶ 5, 133 N.M. 263, 62 P.3d 354, we accept the State's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, reverse the district court, and remand for a new hearing.

**{7}** Juveniles are afforded the same trial rights as adults, including the right to confront witnesses. *State v. Trevor M.*, 2015-NMCA-009, ¶ 7, 341 P.3d 25; *see* NMSA 1978, § 32A-2-14(A) (2009) ("A child subject to the provisions of the Delinquency Act is entitled to the same basic rights as an adult, except as otherwise provided in the Children's Code, including rights provided by the Delinquency Act[.]") Probation violations are treated like delinquency proceedings and "since juveniles have the right to confront witnesses during delinquency proceedings, they must be accorded that right in probation revocation hearings." *Trevor M.*, 2015-NMCA-009, ¶ 7. When reviewing the right to appear in person, "deviation from live, face-to-face testimony" is only permitted when it furthers "an important public policy." *Id.* ¶ 11. Avoiding the "[m]ere inconvenience" of in-person participation does not suffice. *Id.*

**{8}** Here, Child was prevented from exercising his right to confront witnesses in person during his adjudication hearing. He was not transported to the courthouse and was instead required to participate remotely, and the district court's decision not to allow him to appear in person did not further any important public policy interest. In oral remarks at the adjudication hearing, the district court stated that "there [was] no place in Taos County for [Child] to be detained" and that "transporting [Child] from San Juan County to Taos" would take "nine or ten hour[s] roundtrip." The court stated that it was "not practical . . . because [Child] would have no place to stay waiting for the court hearing to begin and would have to be transported immediately back to San Juan County." As the State acknowledges, avoiding these inconveniences does not amount to an important public policy. *See Trevor M.*, 2015-NMCA-009, ¶ 11**.**

**CONCLUSION**

**{9}** We reverse and remand for a new hearing.[1]

**{10}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

---

[1]The State argues that a new hearing would not violate double jeopardy principles because sufficient evidence supports the district court's findings that Child violated the terms of his probation, and Child does not contend otherwise. It is unclear to us whether double jeopardy principles apply in this context. Even assuming that they apply, we conclude, based on our review of the record that sufficient evidence exists.

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**